UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNY VERLUS,<br><br>           Plaintiff<br><br>           v.<br><br>EXPERIAN, TRANSUNION and EQUIFAX,<br><br>           Defendants. | Case No. 23-cv-11426-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                                        **July 11, 2024**

**I.     Introduction**

Plaintiff Kenny Verlus ("Verlus"), who is proceeding *pro se*, has filed this lawsuit against Defendants Experian Information Services LLC ("Experian"), Trans Union, LLC ("TransUnion") and Equifax Information Solutions, Inc. ("Equifax") (collectively, "Defendants") alleging violations of the Fair Credit Reporting Act ("FCRA") arising out of Defendants' failure to (1) properly investigate Verlus's credit reports pursuant to 15 U.S.C. § 1681i and (2) follow reasonable procedures to assure maximum accuracy of information in the credit reports pursuant to 15 U.S.C. § 1681e(b).  D. 9.  Defendants have moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  D. 12.  For the reasons stated below, the Court ALLOWS the motion.

**II.    Standard of Review**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific

inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  Id.  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  Id.  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged."  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face."  García-Catalán, 734 F.3d at 103 (citation omitted).

While the Court must construe a *pro se* litigant's pleadings liberally, "*pro se* plaintiffs, like all other plaintiffs, must comply with the Federal Rules of Civil Procedure," including compliance with the "short and plain statement" requirement.  Koplow v. Watson, 751 F. Supp. 2d 317, 320-21 (D. Mass. 2010).

### III.  Factual Background

The Court draws the following factual allegations from the amended complaint, D. 9, and accepts them as true for the purpose of resolving the motion to dismiss.  Verlus discovered "many erroneous tradelines" on his consumer reports produced by Experian, TransUnion and Equifax.  D. 9 ¶ 7.  Verlus identified Regions Bank as an erroneous account on his consumer report, noting that the account was under the name "Kenny Velus," a different name from his own.  Id. ¶ 12.  He also observed that Defendants were reporting charged off accounts.  Id. ¶ 15.

Verlus mailed written disputes to Defendants regarding the inaccuracies he observed, seeking removal or amendment of same.  Id. ¶¶ 8-9.  As alleged, from January 2021 to May 2023, Defendants have failed to investigate, remove or amend Verlus's disputed tradelines.  Id. ¶ 9.  Also as alleged, Verlus has been denied credit or charged high interest rates for credit due to the allegedly erroneous tradelines on his consumer reports.  Id. ¶ 10.  Defendants have communicated

to Verlus that the disputed accounts have been "verified," but, despite repeated requests from Verlus, Defendants have failed to explain how they came to such determinations or to describe their process for reinvestigations of erroneous accounts.  Id. ¶ 11.

## IV. Procedural History

Verlus filed this action on June 26, 2023.  D. 1.  He filed the operative, amended complaint on September 28, 2023.  D. 9.  Defendants have now moved to dismiss.  D. 12.  Verlus moved for leave to file his opposition late, D. 15, which the Court ALLOWS *nunc pro tunc* and has considered that opposition, D. 16, in the resolution of the motion to dismiss.

## V. Discussion

Defendants argue, among other things, that Verlus's amended complaint "should be dismissed because he makes allegations towards the . . . Defendants as one group, without separating out each Defendant's conduct, liability, or responsibility" in violation of Fed. R. Civ. P. 8.  D. 13 at 8.  The Federal Rules of Civil Procedure provide, in relevant part, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At minimum, the pleadings must give each defendant "fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Crop. v. Twombly, 550 U.S. 544, 545 (2007) (internal quotation marks omitted) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Although "the requirements of Rule 8(a)(2) are minimal," "minimal requirements are not tantamount to nonexistent requirements."  Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).  Accordingly, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  Id.  Where, as here, "a plaintiff brings a claim against multiple defendants, the plaintiff must . . . draft his complaint in such a manner that it is clear what the alleged factual allegations and legal claims are against each

individual defendant" and "cannot simply refer to the defendants collectively where it cannot be reasonable inferred that all the defendants engaged in the alleged misconduct." Burnham v. Dudley Dist. Ct., No. 15-40031-DHH, 2015 WL 5698418, at *5 (D. Mass. Sept. 28, 2015).

In the complaint, Verlus appears to bring claims for violation of Sections 1681i and 1681e(b) of the FCRA against all three Defendants. He, however, fails to state a claim upon which relief can be granted because he has not alleged separate misconduct as to each of the Defendants. Verlus alleges that he accessed his Experian, Equifax and TransUnion reports and discovered many erroneous tradelines, D. 9 ¶ 7, but he fails to specify which specific accounts or tradelines in his consumer reports were erroneous and to distinguish which of the defendants reported any such errors. See Grant v. Peck, No. 22-3080 (JXN) (AME), 2023 WL 3092185, at *2 (D.N.J. Apr. 26, 2023) (dismissing amended FCRA complaint for lack of "sufficient detail," explaining that "to state a plausible claim under the FCRA, Plaintiff must say more about why Defendants' actions were unlawful, and how Plaintiff is entitled to relief"). At most, Verlus identified the Regions Bank account as an allegedly erroneous account on his Equifax consumer report. D. 9 ¶ 12; D. 16 at 1; D. 16-1 at 5.[1] He, however, does not allege that the alleged inaccuracy in the Equifax report caused him to suffer a concrete injury, as required to show standing. See Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016) (describing that to establish standing, a plaintiff must allege that he suffered a concrete and particularized injury). While Verlus alleges that he has been denied credit and forced to pay higher interest rates "due to the Defendant's failure to properly investigate" his dispute, D. 9 ¶ 10, as alleged, it is unclear which Defendant(s) Verlus claims is at fault for same. The Court can at most discern, based on the credit denial letter from TD Bank that Verlus submits

---

[1] Verlus's Equifax report, D. 16-1 at 5, is incorporated by reference in the amended complaint, D. 9 ¶ 7. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

with his opposition, that Verlus is suggesting that he was denied credit based upon information obtained from Experian.  D. 16-1 at 4 (TD Bank indicating that the denial of credit was based, in part, on an Experian report).  Verlus does not otherwise allege which defendant's consumer report any given bank relied upon when making determinations regarding credit denial.  Verlus further alleges that the "Defendants," collectively, were reporting "charged off accounts."  D. 9 ¶ 15.  Again, Verlus fails to identify which specific accounts have been charged off.

Because Verlus, a *pro se* litigant, failed to allege a factual basis as to each individual defendant's conduct, Defendants have no "meaningful opportunity to mount a defense," against Verlus's claims, as they have no adequate notice of their purported wrongdoing.  Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  Accordingly, Verlus has failed to satisfy the minimum standard of pleading under Fed. R. Civ. P. 8(a).  See Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal of complaint where the complaint "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct"); Verrier v. Beth Israel Deaconess Hosp., No. 22-cv-10126-IT, 2022 WL 21771011, at *3 (D. Mass. May 31, 2022) (dismissing complaint for failure to state a claim because plaintiff did "not sufficiently identif[y] the alleged misconduct of each defendant" and instead referred to defendants as a collective, reasoning that such "'lumping' of defendants is impermissible when it cannot be reasonably inferred that all defendants were involved in a particular aspect of the alleged misconduct").[2]

---

[2] Given this ruling, the Court does reach the alternative grounds for dismissal asserted by Defendants, D. 13 at 8-9.

## VI.     Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss, D. 12, and dismisses Verlus's amended complaint, D. 9, without prejudice.[3]  Verlus may file a second amended complaint that cures the deficiencies set forth in this Order and complies with the pleading standards of Fed. R. Civ. P. 8(a) by August 12, 2024.  In preparing the amended complaint, Verlus should, in numbered paragraphs, lay out the alleged factual basis for the legal claims against each defendant, along with the basis for such claims.  In other words, he should set forth minimal facts as to who did what to whom, when, where, and why.  Verlus should not assert claims collectively against the defendants, but rather should separately parcel out the claims against each defendant.  To the extent that he asserts multiple causes of action against a single defendant, those, too, should be identified separately.  Failure to comply with this Order by August 12, 2024 will likely result in dismissal of this action.

**So Ordered.**

/s Denise J. Casper
United States District Judge

---

[3] Given this dismissal, the Court denies Verlus's request to file a motion for injunctive relief, as requested in D. 17, without prejudice as well.