UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KENNY VERLUS,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC, and EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 23-cv-11426-DJC<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                    **March 17, 2025**

**I.      Introduction**

Plaintiff Kenny Verlus ("Verlus") has filed this second amended complaint *pro se* against Defendants Experian Information Solutions, Inc. ("Experian"), TransUnion LLC ("TransUnion") and Equifax Information Services LLC ("Equifax") (collectively, "Defendants") alleging violations of Sections 1681e(b) and 1681i of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e(b), 1681i.  D. 20.  Defendants have moved to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  D. 24.  For reasons discussed below, the Court ALLOWS the motion to dismiss.  D. 24.

1

II.     **Standard of Review**

    A.     <u>**Standing**</u>

"A motion to dismiss based on lack of standing may be evaluated under 12(b)(1) if it relates to constitutional Article III standing, or 12(b)(6) if it relates to prudential/statutory standing." <u>Nwachukwu v. Vinfen Corp.</u>, No. 16-cv-11815-MPK, 2018 WL 1409795, at *2 (D. Mass. Mar. 21, 2018) (citing <u>Katz v. Pershing, LLC</u>, 806 F. Supp. 2d 452, 456 (D. Mass, 2011), <u>aff'd</u>, 672 F.3d 64 (1st Cir. 2012)). Courts, however, "are not uniform in drawing such distinctions," <u>id.</u> at *3 (citations omitted), and the issue "is not critical . . . because 'the same standard applies to both subsections' 12(b)(1) and 12(b)(6)." <u>Id.</u> (quoting <u>Roman-Oliveras v. Puerto Rico Elec. Power Auth.</u>, 655 F.3d 43, 45 (1st Cir. 2011)). Thus, courts have from time to time considered standing arguments raised pursuant to a Rule 12(b)(6) motion to dismiss. <u>See</u> <u>Thompson v. Cnty. of Franklin</u>, 15 F.3d 245, 247 (2d Cir. 1994) (quoting <u>Rent Stabilization Ass'n of City of New York v. Dinkins</u>, 5 F.3d 591, 594 (2d Cir. 1993)) (noting that "dismissals for lack of standing may be made pursuant to Fed. R. Civ. P. 12(b)(6)"); <u>United States v. AVX Corp.</u>, 962 F.2d 108, 114 n. 6 (1st Cir. 1992) (citations omitted) (observing that "[c]ourts have often treated motions to dismiss for wants of standing as motions to dismiss for failure to state a claim, thus bringing them under the rubric of Rule 12(b)(6)").

Whether a standing argument is raised pursuant to Rule 12(b)(1) or 12(b)(6), the reviewing court "must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff." <u>Gonzalez v. Ritz Carlton Hotel Co. of Puerto Rico</u>, 241 F. Supp. 2d 142, 144 (D.P.R. 2003) (quoting <u>Freiburger v. Emery Air Charter, Inc.</u>, 795 F. Supp. 253, 257 (N.D. Ill., 1992)). Moreover, "at the pleading stage, the plaintiff bears

the burden of establishing sufficient factual matter to plausibly demonstrate his standing to bring the action" and "[n]either conclusory assertions nor unfounded speculation can supply the necessary heft." Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016) (citations omitted).

### B. Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. Id. Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. Id. Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted).

### III. Factual Background

The Court draws the following factual allegations from the second amended complaint, D. 20, and accept them as true for the purpose of resolving the motion to dismiss.

Verlus discovered several alleged inaccurate remarks in his credit reports, which were maintained by Defendants. D. 20 ¶ 8. He alleges the following inaccuracies: (1) late payment

3

remarks from February through May 2023 that were listed as being 30 days late and 60 days late even though one cannot be "allegedly 30 days late after being 60 days late" or being "late 30 days in back-to-back months," (2) discrepancies of the dates of alleged late payments between Experian and TransUnion's credit reports, (3) the inclusion of multiple charge off[1] dates with all of Defendants' accounts even though a charge off allegedly can only happen once and (4) incorrect name and address.  Id. ¶¶ 20–25.  From February 12, 2022 through April 2024, Verlus, by phone and mail, disputed these remarks with Defendants and requested a proper investigation and correction of the alleged inaccurate information.  Id. ¶ 11.  He also disputed these alleged inaccuracies through the Consumer Financial Protection Bureau and the United States Postal Services.  Id. ¶¶ 11 –12, 14.  As alleged, Defendants responded to Verlus and claimed that the disputed items were investigated and verified as accurate.  Id. ¶ 13.

## IV.  Procedural History

Verlus filed the initial complaint on June 26, 2023, D. 1, and amended it on September 14, 2023.  D. 9.  Defendants moved to dismiss the amended complaint on September 28, 2023.  D. 12. The Court allowed that motion to dismiss without prejudice, holding that Verlus failed to meet the pleading standards of Fed. R. Civ. P. 8(a) because Verlus had not "alleged separate misconduct as to each of the Defendants."  D. 19 at 4.  The Court permitted Verlus to file a second amended complaint and instructed him to "lay out the alleged factual basis for the legal claims against each

---

[1] "'Charge off' is a term of art for credit providers, understood as writing off a debt as a loss because payment is unlikely." Lantos v. Equifax Info. Servs., L.L.C., No. 23-cv-00240-LEW, 2024 WL 778819, at *3 (D. Me. Feb. 26, 2024) (quoting Makela v. Experian Info. Sols., Inc., No. 21-cv-00386-MC, 2021 Wl 5149699, at *3 (D. Or. Nov. 4, 2021)).  "Federal regulations require banks to 'charge off' debt that is past due by over 180 days." In re Anderson, 884 F.3d 382, 386 n.2 (2d Cir. 2018).

defendant, along with the basis for such claims. In other words, [Verlus] should set forth minimal facts as to who did what to whom, when, where, and why." Id. at 6.

On August 5, 2024, Verlus filed his second amended complaint. D. 20. Defendants have now moved to dismiss this pleading under Fed. R. Civ. P. 12(b)(6). D. 24. The Court heard the parties on February 6, 2025 on the pending motion and took the matter under advisement. D. 35.

## V.  Discussion

### A.  Standing

As an initial matter, the Court must address Defendants' standing argument. D. 25 at 10–11. "To [plead] Article III standing, a plaintiff must meet a familiar three-part test. '[A] plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.'" Wiener v. MIB Grp., Inc., 86 F.4th 76, 84 (1st Cir. 2023) (alterations in original) (quoting TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021)). "An injury is concrete if it 'actually exist[s]' and particularized if it 'affect[s] the plaintiff in a personal and individual way.'" Id. (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 339–40 (2016)). Although "[t]he most obvious" concrete harms are tangible (e.g., physical or monetary), "[v]arious intangible harms can also be concrete." TransUnion LLC, 594 U.S. at 425. These include injuries "with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts," such as "reputational harms, disclosure of private information, and intrusion upon seclusion." Id. (quotations and citations omitted). In the FCRA context, the Supreme Court has analogized harms arising from that statute's violations to the reputational harm traditionally associated with "the tort of defamation." Id. at 432 (citing Spokeo, Inc., 578 U.S. at 341).

Defendants argue that Verlus "has not and cannot allege that he suffered the required concrete injury" because the second amended complaint "includes only vague, non-specific allegations." D. 25 at 11 (quoting D. 20 ¶¶ 33–36, 38–40). As previously mentioned, a plaintiff may not plead standing simply through "conclusory assertions" or "unfounded speculation." Hochendoner, 823 F.3d at 731. Rather, he "bears the burden of establishing sufficient factual matter to plausibly demonstrate [his or her] standing to bring the action." Id. (citations omitted). Because a concrete harm for standing purposes in the FCRA context is analogous to the harms associated with the tort of defamation, TransUnion LLC, 594 U.S. at 432, Verlus must allege specific factual allegations sufficient to support a plausible conclusion that he has suffered a concrete injury of the type "similar to that suffered when a defamatory statement" is made, Phipps v. Experian Info. Sols., LLC, No. 23-7529, 2024 WL 5001842, at *2 (2d Cir. Dec. 6, 2024) (quoting TransUnion, 594 U.S. at 432), such as "reputational and/or monetary harm." Alvarez v. Experian Info. Sols., Inc., No. 19-cv-3343-JSW, 2024 WL 5007451, at *15 (E.D.N.Y. Dec. 6, 2024).

Here, Verlus alleges in the second amended complaint that he has "suffered damages, including but not limited to emotional distress, humiliation, and loss of credit opportunities" because of Defendants' alleged violations. D. 20 ¶¶ 36, 40. Beyond these conclusory assertions, however, Verlus does not allege any specific, factual allegations to permit an inference that he has suffered a concrete injury sufficient to support standing, much less one similar to that suffered in a defamation case. Phipps, 2024 WL 5001842, at *2 (quoting TransUnion, 594 U.S. at 432). For instance, despite alleging that he has suffered "loss of credit opportunities," the complaint contains no factual allegations to permit an inference that any credit disadvantage has materialized or at

6

substantial risk of materializing due to the alleged inaccuracies the credit reports. See Wan v. Trans Union, LLC, No. 22-cv-115-PKC-JRC, 2022 WL 955290, at *1 (E.D.N.Y. Mar. 30, 2022) (reasoning that the plaintiff had not shown standing where the plaintiff's allegations that she suffered from "limited credit opportunities" were vague and lacking in "an allegation that these circumstances resulted in a materialized injury, or a sufficiently imminent and substantial risk of injury"). Likewise, Verlus's allegations of emotional distress and humiliation are conclusory and unsupported by any specific factual allegations to permit an inference that he has suffered a concrete emotional or mental injury. See Maddox v. Bank of N.Y. Mellon Tr. Co., 19 F.4th 58, 66 (2d Cir. 2021) (reasoning that "[a] perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing").

Accordingly, Verlus has failed to allege plausibly a concrete harm sufficient to support standing to pursue this action against Defendants.

**B.     Failure to State a Claim**

For the sake of completeness, the Court also addresses the substance of Defendants' Rule 12(b)(6) arguments. Defendants argue that Verlus has failed to state a claim for violations of the FCRA because the second amended complaint "fails to allege any plausible factual inaccuracy that could give rise to a claim under the FCRA." D. 25 at 6. As a threshold matter, to state a claim for violation of Sections 1681e(b) and 1681i of the FCRA, a plaintiff must allege plausibly that his or her credit report contains "an actual inaccuracy." DeAndrade v. Trans Union LLC, 523 F.3d 61, 66–67 (1st Cir. 2008). "[A] report is inaccurate if the information" contained therein "is false or materially misleading." McIntyre v. RentGrow, Inc., No. 18-cv-12141-ADB, 2021 WL 3661499,

7

at *7 (D. Mass. July 22, 2021) (citations omitted); see Wimberly v. Experian Info. Sols., No. 18-cv-6058-MKV, 2021 WL 326972, at *5 (S.D.N.Y. Feb. 1, 2021) (quoting Wenning v. On-Site Manager, Inc., No. 14-cv-9693-PAE, 2016 WL 3538379, at *9 (S.D.N.Y. June 22, 2016)) (concluding that "[a] credit report is inaccurate 'either when it is patently inaccurate *or* when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect'") (emphasis in original).

Here, apart from Verlus's allegations concerning the erroneous name and address which will be further addressed below, the complaint contains no allegations to permit an inference that Defendants' credit reports include actual inaccuracies. For instance, although Verlus disputes the late payment remarks on his credit reports because one cannot be "allegedly 30 days late after being 60 days late" or being "late 30 days in back-to-back months," D. 20 ¶¶ 20–21, Verlus does not allege "what the accurate information actually is," Cruel v. Experian, No. 22-cv-5236-KBH, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023), or whether the credit report was misleading in a way that would have an adverse effect on his creditworthiness. Id. Likewise, Verlus's allegations of discrepancies of the dates of alleged late payments between the Experian and TransUnion reports, without more, do not permit an inference that either report contains "false or materially misleading" information, McIntyre, 2021 WL 3661499, at *7, and thus do not support a plausible conclusion that the credit reports contain actual inaccuracies. See Cruel, 2023 WL 4140828, at *3 (concluding that the plaintiff's allegations of "inconsistent information" between in the credit reports of the three defendant credit reporting companies are insufficient to support the plaintiff's FCRA claims without additional allegations of actual inaccuracy). Lastly, Verlus's allegation of multiple charge-offs on his credit reports does not constitute actionable conduct. See

8

Lantos, 2024 WL 778819, at *4 (quoting Otto v. TransUnion, LLC, No. 21-cv-00379-AA, 2022 WL 787940, at *3 (D. Or. Mar. 15, 2022)) (holding that "repeatedly reporting a delinquent account as a charged off is not inaccurate").

The inaccuracies alleged here are that Defendants have included an erroneous address and misspelled his last name (i.e., Velus, not Verlus) in the credit reports. D. 20 ¶¶ 24–25. The Supreme Court has held that "not all inaccuracies cause harm or present any present material risk of harm" to support an actionable claim under the FCRA. Spokeo, Inc., 578 U.S. at 342. "In other words, some violations of the FCRA may be so trivial that they cause no quantifiable injury." Landry v. Thomson Reuters Corp., No. 16-cv-507-SM, 2018 WL 4568809, at *4 (D.N.H. Sept. 24, 2018). "Incorrect address information, a one-year disparity in birth year, and slight variations of the [plaintiff]'s name are the types of inaccuracies that do not, without more, 'work any concrete harm' by virtue of their dissemination alone." Phipps, 2024 WL 5001842, at *2 (quoting Spokeo, Inc., 578 U.S. at 342). Accordingly, even as alleged, that Defendants have included an erroneous address or misspelled Verlus's name are insufficient to state an actionable claim for violation of Sections 1681e(b) and 1681i of the FCRA.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss the second amended complaint, D. 24, and this action is dismissed with prejudice.

**So Ordered.**

/s Denise J. Casper
United States District Judge

9